JOSEPH PORTER, Appearing Herein by his Next Friend, L. E. PORTER v. CLARENCE EDWARD PITT, ERICA GRAY UMSTEAD, DONALD R. HAISLIP and MILLIE U. HAISLIP.

(Filed 18 March 1964.)

**Automobiles § 43—**

> Where there is plenary evidence of negligence on the part of defendant and that such negligence continued to the moment of impact and was a proximate cause thereof, such defendant is not entitled to nonsuit on the ground that his negligence was insulated by the negligence of his co-defendant.

APPEAL by defendant Pitt from *Fountain, J.,* 21 October 1963 Civil Session of NASH.

Civil action to recover damages for personal injuries.

The jury found by its verdict that plaintiff was injured by the negligence of defendant Pitt as alleged in the complaint, was not injured by the negligence of defendant Erica Gray Umstead as alleged in the complaint, and awarded damages in the amount of $10,000. Defendant Pitt in his answer did not plead contributory negligence as a defense to plaintiff's action. The other defendants did. The court instructed the jury that if they answered the issue of negligence in respect to Erica Gray Umstead, a minor 16 years old, who admittedly was driving a family purpose automobile owned jointly by defendant Donald R. Haislip, his stepfather, and defendant Millie U. Haislip, his mother, No, they would not consider the issue as to plaintiff's contributory negligence, and the jury left this issue unanswered.

From a judgment that plaintiff recover $10,000 from defendant Pitt and the costs, he appeals.

*William L. Thorp, Jr. and William D. Etheridge for defendant Clarence Edward Pitt, appellant.*

*Valentine & Valentine by I. T. Valentine for plaintiff appellee.*

PER CURIAM. Defendants offered no evidence. Defendant Pitt assigns as error the denial of his motion for judgment of compulsory nonsuit made at the close of plaintiff's evidence.

Plaintiff's evidence would permit a jury to find the following facts: About 10:30 p.m. on 1 April 1962 plaintiff, a boy 14 years old, was riding as a passenger in an automobile driven by Erica Gray Umstead, a 16 year old boy. They were returning from a show in Rocky Mount. When they reached the Nashville-Red Oak Highway, a rural paved road, they turned left and proceeded south to Nashville. The Nashville-

Red Oak Highway runs approximately north and south between Nashville to the south and Red Oak to the north. About a mile north of Nashville this highway goes over an overpass over U. S. Highway #64, which is the bypass around Nashville. On the north side of the overpass coming down off the bridge there is a slight curve in the highway. The Dog Pound Road, a dirt road, enters the Nashville-Red Oak Highway from the east about three-tenths of a mile north of the overpass. At this point both roads are built up.

Umstead was driving his automobile about 30 or 35 miles an hour with his lights on, and on his side of the highway. When they approached the overpass, an automobile driven by the defendant Pitt, who had the odor of intoxicating liquor upon him and was drunk, was coming down from the overpass on the Nashville-Red Oak Highway meeting the Umstead automobile at a high rate of speed and zig-zagging on the highway. Whereupon, Umstead stopped his automobile about 20 or 30 feet from the entrance of the Dog Pound Road into the Nashville-Red Oak Highway and backed up into the Dog Pound Road and stopped. Plaintiff testified: "When the automobile in which I was riding was struck by the Pitt vehicle, it was on the Dog Pound Road. Our car was parked about four feet off the Red Oak Road on the Dog Pound Road. While our car was thus situated, it was hit by Clarence Pitt's car." In the collision plaintiff sustained serious injuries, Umstead was knocked unconscious, and Umstead's automobile was damaged to a great extent.

Plaintiff has offered plenary evidence which would permit a jury to find, as alleged in the complaint, that Pitt was negligent in operating his automobile while under the influence of intoxicating liquor in violation of G.S. 20-138, and in driving his automobile in a reckless and careless manner in violation of G.S. 20-140, and that such negligence on Pitt's part was a proximate cause of plaintiff's injuries.

There is no merit in defendant Pitt's contention that plaintiff's action should be nonsuited because any negligence on his part was insulated by Umstead's stopping his automobile and backing up into the Dog Pound Road, for the reason that Pitt's negligence continued to the actual collision of the two automobiles and played a substantial and proximate part in plaintiff's injuries. *Lamm v. Gardner*, 250 N.C. 540, 108 S.E. 2d 847.

The trial court properly overruled defendant Pitt's motion for a judgment of compulsory nonsuit.

We have examined the assignments of error to the charge, and none is sufficient to warrant a new trial. All defendant's assignments of error are overruled. In the trial below we find

No error.